IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| **FRANKIE TERRY** | § | |
| | § | |
|    **Plaintiff** | § | |
| | § | |
| vs. | § | **CASE NO. 2:05 CV 348** |
| | § | **JURY TRIAL** |
| **SOUTHWESTERN ENERGY** | § | |
| **PRODUCTION** | § | |
| **COMPANY** | § | |
| | § | |
|    **Defendant** | § | |

**MEMORANDUM OPINION AND ORDER**

    Before the Court is Defendant Southwest Energy Production Company's (SEPCO) Motion for Dismissal Pursuant to Rule 12(b)(1) (Docket No. 10). Having considered the parties' written submissions, the Court **GRANTS** the motion.

    Frank Terry has brought suit against SEPCO alleging diversity jurisdiction. *See* 28 U.S.C. § 1332. Terry alleges he is a citizen of the State of Texas and that SEPCO is a foreign corporation authorized to do business in Texas. Terry does not allege SEPCO's state of citizenship or its principal place of business in his complaint. In its motion, SEPCO contends that it is incorporated in Arkansas and its principal place of business is in Houston, Texas. In his response to SEPCO's motion, Terry only asserts that SEPCO is incorporated in Arkansas. Terry does not allege the location of SEPCO's principal place of business or offer any rebuttal to SEPCO's claim that it is also a citizen of Texas.

    Diversity jurisdiction requires that there be at least $75,000 in controversy and that the parties be citizens of different states. 28 U.S.C. § 1332(a). For the purpose of diversity jurisdiction, a

corporation is a citizen of both its state of incorporation and principal place of business. 28 U.S.C. § 1332(c)(1).

SEPCO is an Arkansas corporation but maintains its principal place of business in Houston, Texas. SEPCO's officers are headquartered in its Houston office. SEPCO's operations are directed out of the Houston office. Its core management and operations functions are conducted from its Houston office. Thus, for diversity jurisdiction purposes, SEPCO is a citizen of both Arkansas and Texas. Terry is a citizen of Texas. Therefore the parties lack diversity, and this Court lacks subject matter jurisdiction. Accordingly, the Court **GRANTS** SEPCO's motion and dismisses the case.

**So ORDERED and SIGNED this 27th day of October, 2005.**

_____
**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**